# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAE GORDON-KELLY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 23-cv-426-RAW-GLJ |
| | ) |
| SHERYL TATUM, NICOLE | ) |
| ELLISON, BELINDA HAAGSMA, | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Mae Gordon-Kelly's Motion to Remand. Plaintiff instituted this action in state court in Pittsburg County, Oklahoma against the above-named Defendants. Defendant Sheryl Tatum removed this action based on federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. *See* Docket No. 2. Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction and because this Court does not have exclusive jurisdiction. *See* Docket No. 11, p. 1. The Court has referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 15. For the reasons set forth below, the undersigned Magistrate Judge finds the Plaintiff's Motion to Remand to Pittsburg County Superior Court [Docket No. 11] should be DENIED.

## Procedural History

Plaintiff originally filed this action on November 13, 2023, in the District Court of Pittsburg County, Oklahoma, in Case No. CJ-2023-286. Plaintiff subsequently filed two amendment complaints, the last one on December 1, 2023. *See* Docket No. 2, Ex. 16 ("Second Amended Complaint"). The Second Amended Complaint asserts a claim for retaliation against Plaintiff under the Sarbanes-Oxley Act, 18 U.S.C. §§ 1514, *et al*. and violation of 71 O.S. § 71-819. *Id*. In particular, Plaintiff alleges the defendants conspired to commit actual fraud by violating certain security laws on behalf of K12 Inc. as well as certain actions related to Plaintiff's employment agreement with K12 and accusations that Plaintiff committed child abuse while employed by K12. *Id*., p. 1-2. Ultimately, Plaintiff describes her claim as one seeking damages under Sarbanes-Oxley for "intentional retaliation for a damaged reputation, personal humiliation, and false, felonious and unethical accusations which jeopardized her teaching credentials." *Id*., p. 6. After being served, and at the time the only defendant who had been served, on December 18, 2023, Tatum removed the case to this Court based on federal subject matter jurisdiction and supplemental jurisdiction as to the state law claim pursuant to 28 U.S.C. §§ 1331 and 1367. *Id*. Plaintiff moves to remand, arguing that Oklahoma has personal jurisdiction over the defendants under Oklahoma's long-arm statute, the lack of complete diversity of the parties and that not all the defendants joined in the removal of the case. *See* Docket No. 11.

## Analysis

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).

"In cases where removal is based on federal question jurisdiction, removability is governed by the 'well-pleaded complaint rule.' Under this rule, 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Betterton v. World Acceptance Corp.*, 2023 WL 2914287, at *2 (W.D. Okla. April 12, 2023) (quoting *Caterpillar, Inc. v.* Williams, 482 U.S. 386, 392 (1987)). Under 28 U.S.C. § 1441 a defendant in state court may remove the case to

federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Federal courts have original jurisdiction over actions brought pursuant the Sarbanes-Oxley Act, which, *inter alia*, prohibits any publicly traded company, or any officer thereof, from discharging or otherwise discriminating against any employee who "provide[s] information, cause[s] information to be provided, or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation" of an enumerated set of federal laws and regulations. 18 U.S.C. § 1514A(a)(1).

It is clear from even a generous reading of the Second Amended Complaint that Plaintiff is asserting a claim under federal law, i.e. the Sarbanes-Oxley Act, as well as an Oklahoma securities statute.[1] In particular, for example, Plaintiff alleges that defendants deceived K12 investors and she "was retaliated against and injured for complaining which is prohibited under 71 OK Stat §71-819 and the Sarbanes Oxley Act ("SOX") 18 U.S.C. § 1514A et al." [*see* Docket No. 2, Ex. 16 at p. 1]; Plaintiff "was retaliated against and injured for complaining about prohibited activities and seeks damages for injuries due to intentional fraudulent misrepresentation in her invoice and forgery of her

---

[1] Because Plaintiff is *pro se*, the Court liberally construes her pleading to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation omitted). "[T]he generous construction that we afford *pro se* pleadings has limits, and we must avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (assuming without deciding that the liberal construction principles applied in a jurisdictional inquiry).

signature"; [*Id.*, p. 4]; Plaintiff "was retaliated against and replaced with a less qualified non-minority for complaining about lack of transparency and accountability as well as prohibited and deceptive activities in this claim" [*Id.*, p. 5]; Plaintiff's "professional reputation was harmed after complaining about prohibited activities, which is securities fraud" [*Id.*]; and "[u]nder a Sarbanes-Oxley action, [Plaintiff] is entitled to reinstatement, attorneys' fees, and costs, as well as special damages, which can include non-economic damages." [*Id.*, p. 7]. Thus, Plaintiff's claim arises under the laws of the United States and this Court has subject matter jurisdiction. Moreover, Plaintiff's claims under 71 O.S. § 819 arise out of the same facts and this Court can exercise supplemental jurisdiction over such claim. *Parker v. Lithia Motors, Inc.*, 2014 WL 12789711, *4 (D. N.M. July 2, 2014) (exercising supplemental jurisdiction over related state law claims in a Sarbanes-Oxley case).

Plaintiff's motion appears to primarily argue that this Court does not have *exclusive* jurisdiction over this case, issues related to diversity jurisdiction under 28 U.S.C. § 1332 such as Oklahoma's strong interest in state and federal education funds, and personal jurisdiction under Oklahoma's long-arm statute. None of these arguments, however, is a challenge to the court's subject matter jurisdiction or is a basis for remand. "Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (emphasis added) (citing U.S. Const. Art. III, § 1). Thus, the scope of a federal court's

subject matter jurisdiction is governed exclusively by acts of Congress. Plaintiff alleges a claim under a federal statute – Sarbanes-Oxley – and as such, this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

Similarly, Plaintiff's assertion that removal was improper due to a lack of unanimity for removal among the three defendants is unavailing. At the time of removal, Tatum was the only defendant who had been served. Plaintiff even concedes that she had not served all three defendants as of December 26, 2023. *See* Docket 11, p. 3. Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined *and served* must join in or consent to the removal of the action." (Emphasis added). Thus, "[r]emoval to federal court is appropriate only if all properly joined and served defendants join in or consent to the removal." *Archer v. All My Sons Moving & Storage of Tulsa, Inc.*, 2017 WL 6442100, at *2 (E.D. Okla. Dec. 18, 2017). *See also Cramer v. Devera Mgmt. Corp.*, 2004 WL 1179375, at *2 (D. Kan. May 27, 2004) ("Courts have interpreted [§ 1446(a)] to establish a unanimity rule whereby all defendants who have been served must join in or consent to the notice of removal.") (citing cases). Consent is not required, however, when the non-joining defendants have not been properly served at the time the removal petition is filed. *Archer*, 2017 WL 6442100, *2 (citing *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002) ("[I]n order to comply with the requirements of § 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period.") (emphasis added)).

Plaintiff also argues in her Reply that removal was improper because certain securities laws are not removeable, citing to the Jones Act, 46 U.S.C. § 688, state courts have concurrent jurisdiction and the Supremacy Clause of the Constitution. *See* Docket No. 19, pp. 1-2. None of these arguments support remand. First, the Jones Act, also known as the Merchant Marine Act of 1920, is a federal statute establishing support for the development and maintenance of a merchant marine to support commercial activity and serve as a naval auxiliary in times of war or national emergency. *See* 46 USC § 50101. The specific statute Plaintiff cites, 46 U.S.C. § 688, addresses recovery for injury or death of seamen, which is not an issue raised in the Second Amended Complaint. Second, the fact the Pittsburg County District Court also had subject matter jurisdiction along with this Court over Plaintiff's Sarbanes-Oxley claim is of no significance, at least so far as subject matter jurisdiction or removal is concerned. Indeed, the Supreme Court "has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Third, the fact that states may enforce obligations arising under federal law does not support remand under the Supremacy Clause.

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand to Pittsburg County Superior Court [Docket No. 11] should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and

response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 4th day of March, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**