

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAE GORDON-KELLY,<br><br>Plaintiff,<br><br>v.<br><br>SHERYL TATUM,<br>NICOLE ELLISON, and<br>BELINDA HAAGSMA,<br><br>Defendants. | Case No. CIV-23-426-RAW-GLJ |

## ORDER

Plaintiff brought this *pro se*[1] action on November 13, 2023, in the District Court of Pittsburg County, Oklahoma. She then filed two amended petitions, the latest on December 1, 2023. The action was removed to this court on December 18, 2023. Plaintiff alleges claims pursuant to Sarbanes-Oxley Act, 18 U.S.C. §§ 1514, *et al.* and 71 OKLA. STAT. § 819. Plaintiff's allegations relate to her termination of employment from K12, Inc. in March of 2016.[2]

Now before the court are the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Sheryl Tatum [Docket No. 17], Plaintiff's response thereto [Docket No. 20], and Defendant Tatum's reply [Docket No. 30]. Also before the court are the motions to dismiss filed by Defendants Belinda Haagsma [Docket No. 44] and Nicole

---

[1] The court liberally construes the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court, however, may not "assume the role of advocate for the *pro se* litigant." *Id.* Moreover, *pro se* litigants must "follow the same rules of procedure that govern other litigants." *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation omitted).

[2] Plaintiff previously filed an action in this court on December 11, 2017, related to the same termination. *Eddie M. Kelly v. K12, Inc., Oklahoma Virtual Charter Academy, Audra Plummer, and Nicole Edison*, CIV-17-453-RAW. That litigation concluded in the defendants' favor in 2021. Plaintiff does not dispute that she is the Eddie M. Kelly in the K12 lawsuit. In her response to Sheryl Tatum's motion to dismiss, Plaintiff states that both names "Eddie" and "Mae" are part of her "legal birth identity." Docket No. 20, at 4.

Ellison [Docket No. 45] and Plaintiff's responses thereto [Docket Nos. 49 and 50, respectively].[3] Finally, before the court are Magistrate Judge Jackson's Report and Recommendation ("R&R"), recommending Defendant Tatum's motion be granted in part and denied in part and that Defendant Ellison's and Haagsma's motions be denied as moot [Docket No. 46], Defendants' objection to the R&R [Docket No. 51] and Plaintiff's objection to the R&R [Docket No. 52].

Plaintiff's allegations are difficult decipher, but as the Magistrate Judge points out, in the paragraph numbered "2" on page 5 of her Second Amended Complaint, she alleges that "she was retaliated against and replaced with a less qualified non-minority for complaining about lack of transparency and accountability as well as prohibited and deceptive activities in this claim." Docket No. 2-16, at 5. Plaintiff was terminated from K12, Inc in March of 2016. All of her claims relate to her employment with K12 and her termination in March of 2016.

Plaintiff alleges that she sent letters detailing her complaint to the Department of Labor in 2023. The Magistrate Judge notes the remarkable fact that "Plaintiff alleges she did not have actual or presumptive knowledge of the alleged fraud until December 2022, which would make it impossible for her to have been retaliated against in March 2016 for providing information about or assisting in any investigation of securities law violations at that time." Docket No. 46, at 9.

After a *de novo* review, the court finds that the Magistrate Judge correctly found that Plaintiff's federal claims pursuant to the Sarbanes-Oxley Act should be dismissed. The Magistrate Judge correctly concluded that Plaintiff failed to timely exhaust her administrative remedies under the Act, that equitable tolling is inapplicable, that her claims are time barred, and

---

[3] In their motions, Defendants Ellison and Haagsma join in, adopt, and incorporate Defendant Tatum's motion. Defendant Haagsma further argues that service upon her was insufficient and that this court does not have personal jurisdiction over her. Defendant Haagsma correctly argues that Plaintiff has the burden of proving jurisdiction. Nevertheless, factual disputes are resolved in Plaintiff's favor in determining whether she has made a *prima facie* showing. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

that Plaintiff failed to state a claim. The federal claims, therefore, are dismissed. Further amendment would be futile.

Plaintiff also alleges state law claims, specifically that she "was retaliated against and injured for complaining which is prohibited under 71 OK Stat §71-819 (sic)." Generally, when all federal claims have been dismissed, the court in its discretion declines to exercise supplemental jurisdiction over any remaining state law claims. This is because the balance of factors to be considered – judicial economy, convenience, fairness, and comity – generally points toward declining the exercise of supplemental jurisdiction over remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988). "When all federal claims have been dismissed, the court may, and *usually should*, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted) (emphasis added). Accordingly, as recommended by the Magistrate Judge, the court declines to exercise supplemental jurisdiction over the state law claims. They are, therefore, remanded to the District Court of Pittsburg County, Oklahoma.

Plaintiff has been granted *in forma pauperis* status in this case. The court will not as Defendants request certify pursuant to Fed. R. App. P. 24(a)(4)(B) that any appeal could not be taken in good faith.

After a *de novo* review, the court determines that the Report and Recommendation is well-supported by the evidence and the prevailing legal authority. The Report and Recommendation [Docket No. 46] is hereby affirmed and adopted as this court's Findings and Order, except as amended below. The motions to dismiss filed by Sheryl Tatum [Docket No. 17], Nicole Ellison [Docket No. 45], and Belinda Haagsma [Docket No. 44] are granted as to the federal claims and denied as to the state law claims. The court declines to exercise supplemental

jurisdiction over the remaining state law claims and remands those claim to the District Court of Pittsburg County, Oklahoma.

IT IS SO ORDERED this 27th day of June, 2024.

_Ronald A. White_
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

4